# EXHIBIT A

ELECTRONICALLY FILED
2016 Jul 14 PM 12:41
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT
AT MEMPHIS

| | |
|---|---|
| AUTUMN EVERETT, ON BEHALF OF HERSELF, AND ALL OTHERS SIMILARLY SITUATED,<br><br>    PLAINTIFF,<br><br>v.<br><br>MEMPHIS LIGHT GAS AND WATER DIVISION<br><br>    DEFENDANT. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

**COMES NOW** Plaintiff Autumn Everett, on behalf of herself, and all others similarly situated, and files this class action complaint against Memphis Light Gas and Water Division, and in support thereof, would show unto the Court the following:

### INTRODUCTION

1. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Memphis Light Gas and Water Division ("Defendant") based on Defendant's violations of the Fair And Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681, *et seq.*

2. FACTA provides in relevant part that "**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number** ... upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).

3. FACTA gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than

1

December 4, 2006. Although defendant had up to three years to comply, defendant has willfully violated this law and failed to protect plaintiff and others similarly situated against identity theft and credit and debit card fraud by printing on Plaintiff's receipt more than the last 5 digits of the card number.

4. This conduct violates FACTA.

5. Nor is Defendant's willful violation of FACTA a trifling matter. In the statement provided during the signing of FACTA in 2003, the President underscored the importance of the legislation in combating identity theft stating, "This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause had it in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

6. Courts have likewise emphasized the purpose of FACTA. For example, the Ninth Circuit Court of Appeals recently explained, "[I]n fashioning FACTA, Congress came to 'restrict the amount of information available to identity thieves.' 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby)." *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010).

7. In sum, Defendant has violated FACTA, and has thereby placed the security of Plaintiff and similarly situated class members at risk. As a result of Defendant's unlawful practice of violating FACTA's provisions intended to safeguard against identity theft and credit and data card fraud, Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorney fees, all of which are expressly made available by statute, 15 U.S.C. § 1681, *et seq.*

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to T.C.A. § 29-20-307.

9. Venue is proper in this county pursuant to T.C.A. § 29-20-308 because Defendant is a governmental entity located in Shelby County.

## PARTIES

10. Plaintiff Autumn Everett is and at all times relevant hereto was a resident of the state of Tennessee.

11. Defendant Memphis Gas Light and Water Division is a municipal utility with over 400,000 customers in Memphis and Shelby County, Tennessee.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this class action on behalf of herself and all other persons similarly situated pursuant to Rule 23 of the Tennessee Rules of Civil Procedure.

13. The class which Plaintiff seeks to represent is defined as:

All Tennessee consumers to whom Defendant, within two years from the date of filing this action, provided an electronically printed receipt at the point of a sale or transaction at any of Defendant's locations, on which receipt Defendant printed more than the last five digits of the consumer's credit card or debit card (the "Class").[1]

14. Excluded from the Class are Defendant and its directors, officers, and employees.

15. The Class is so numerous that joinder of all members is impracticable. The disposition of their claims through this class action will benefit both the parties and this Court.

16. Upon information and belief, Plaintiff alleges that there are thousands of members that comprise the Class. The exact size of the Class and identities of individual members thereof are ascertainable through Defendant's records, including but not limited to, Defendant's sales and transaction records.

---

[1] Plaintiff reserves the right to amend or otherwise modify the Class definition and or add subclasses.

17.     Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, email notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by the Court.

18.     There are questions of law and fact common to the class.

19.     Questions of fact and law common to the class include, but are not limited to, the following:

   a) whether Defendant's conduct of providing Plaintiff and the class with sales or transaction receipts whereon Defendant printed more than the last five digits of the credit or debit card number violated FACTA;

   b) whether Defendant's conduct was willful; and

   c) whether Plaintiff and the Class are entitled to statutory damages, punitive damages, costs and/or attorney fees for Defendant's acts and conduct.

20.     Plaintiff's claims are typical of the Class' claims. Plaintiff's claims and the Class' claims are based on the same legal theories and arise from the same unlawful conduct.

21.     Plaintiffs and members of the Class were each customers of Defendant, each having made a purchase or transacted other business with Defendant within two years from the date of filing this action, using a credit or debit card. At the point of such sale or transaction with Plaintiff and members of the class, Defendant provided to Plaintiff and each member of the class a receipt that contained more than the last 5 digits of the card number, which violates 15 U.S.C. § 1681c(g)(1). Indeed, Defendant printed the first 6 digits and the last 4 digits for a total of 10 digits of the card number.

22. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class that Plaintiff seeks to represent. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the Class and Plaintiff has no interests antagonistic to the Class. Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

### FIRST CLAIM FOR RELIEF
### For Violation of T.C.A § 29-20-205

23. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

24. Defendant's governmental immunity is removed because Defendant's actions were intentional and willful, and a cause of action arising under FACTA is not contained in the list of excepted intentional torts in T.C.A. § 29-20-205.

### SECOND CLAIM FOR RELIEF
### For Violation of 15 U.S.C. § 1681, *et seq.*

25. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

26. Title 15 U.S.C. § 1681c(g)(1) states that "no person that accepts credit cards or data cards for the transaction of business shall print more than the last five digits of the card number ... upon any receipt provided to the cardholder at the point of the sale or transaction."

27. By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" after December 3, 2006.

28. Defendant transacts business in the state of Tennessee and accepts credit and debit cards in the course of transacting business with persons such as Plaintiff and members of the Class. In transacting such business, Defendant uses cash registers, and/or other machines or devices that electronically print receipts for credit and debit card transactions.

29. After December 3, 2006, and within two years from the date of filing this action, Defendant, at the point of a sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendant printed in excess of the last five digits of her credit or debit card number. Indeed, Defendant printed the first six digits and the last four digits for a total of 10 digits of Plaintiff's card number.

30. The preceding allegation also applies to Class members. There is no reason to believe that Defendant singled out Plaintiff in printing 10 digits of her card number.

31. FACTA was enacted in 2003, and gave merchants such as Defendant up to December 4, 2006, to comply with its requirements.

32. Defendant knew of and was well-informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers.

33. For example, but without limitation, several years ago, Visa, MasterCard, the PCI security standards Council (a consortium founded by Visa, MasterCard, Discover, American Express, and JCB), companies that sell cash register and other devices for the processing of credit or debit card payments, companies that sell software to operate payment card devices, companies that maintain and repair hardware or software used to process payment card transactions, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit and other card numbers, and Defendant's need to comply with same.

34. Other entities, including but not limited to, Defendant's merchant bank (also known as the acquiring bank or acquirer) that processes credit and debit card payments for transactions occurring at Defendant's locations, likewise informed Defendant about FACTA,

including its specific requirements inserting the truncation of credit and debit card numbers, and Defendant's need to comply with same.

    35.    In addition, many companies such as Visa and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, wherein such policies Visa, MasterCard, and others required Defendant (and informed Defendant of the requirements) to truncate credit and debit card numbers on receipts.

    36.    In addition, these companies also publicly announced some of these requirements. For example, on March 6, 2003, Visa USA's CEO Carl Pascarella held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, John Corsi, Patrick Leahy, and publicly announced Visa USA's new truncation policy to protect consumers from identity theft. At the March 2003 press conference, Mr. Pascarella explained:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. This is an added security measure for consumers that doesn't require any action by the cardholder. We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts.
>
> The first phase of this new policy goes into effect July 1, 2003 for all new terminals. I would like to add, however, that even before this policy goes into effect, many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began together several years ago.
>
> Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, Social Security numbers, and more. Visa's new policy will protect consumers by limiting the information the thieves can access.

    37.    Moreover, the government, through the Federal Trade Commission ("FTC"), provided notice to businesses on no less than three separate occasions in 2007, reminding them

of the requirement to truncate credit and debit card information on receipts. Defendant was informed of and knew about these notices from the FTC. In one such notice, entitled "FTC business alert" "Slip Showing? Federal Law Requires All Businesses To Truncate Credit Card Information On Receipts," and dated May 2007, the FTC reminded businesses, among other things, of the following:

> What's on the credit and debit card receipts you give your customers? The Federal Trade Commission (FTC), the nation's consumer protection agency, says it's time for companies to check the receipts and make sure they are complying with a law that's been in effect for all businesses since December 1, 2006.
>
> According to the federal Fair and Accurate Credit Transactions Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten-or truncate-the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:
> ACCT:***********12345
> EXP:****
>
> Why is it important for businesses to make sure they are complying with this law? Credit card numbers on sales receipts are a "golden ticket" for fraudsters and identity thieves. Savvy businesses appreciate the importance of protecting their customers-and themselves-from credit card crime.

38.   Defendant also knew that its electronic receipt printing equipment (inclusive of software and other codes) were configured and/or otherwise outdated such that they would print and were printing credit card and/or debit card receipts that displayed more than the last five digits of the card number.

39.   Despite this knowledge, Defendant decided to forgo and otherwise avoid the expense, time, and other resources required to properly configure and update its electronic receipt printing equipment (inclusive of software and other codes) such that they would not print information prohibited FACTA.

8

40. Thus, Defendant's violations of FACTA were not accidental oversights, but were a means of avoiding the additional expense, time, and other resources required to properly configure and otherwise update its electronic receipt printing equipment.

41. Defendant put its own interests ahead of and instead of its customers' rights under FACTA.

42. Thus, despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers, and despite having had many years to comply with FACTA's requirements, Defendant knowingly, willfully, intentionally, and recklessly violated FACTA's requirements.

43. Defendant knowingly, willfully, intentionally, and recklessly violated FACTA in conscious disregard of the rights of Plaintiff and the Class.

44. Defendant has also harmed Plaintiff and the Class by exposing them to at least an increased risk of identity theft and credit and/or debit card fraud.

45. As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of the Class in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a) an order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing counsel of record for Plaintiff as counsel for the Class;

b) an award to Plaintiff and the Class of statutory damages pursuant to 15 U.S.C. § 1681n for Defendant's willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

c) an award to Plaintiff and the Class of punitive damages pursuant to 15 U.S.C. § 1681n (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

d) payment of cost of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n;

e) payment of reasonable attorney fees pursuant to, *inter alia*, 15 U.S.C. § 1681n; and,

f) for such other and further relief as the Court may deem proper.

DATED: July 13, 2016.

PLAINTIFF AUTUMN EVERETT, on behalf of herself and all others similarly situated,

_____
Brian Herrington, BPR# 020122

Herrington Law, PA
PO Box 3260
Ridgeland, MS 39158
601.208.0013
brian@herringtonlawpa.com

Chant Yedalian (to apply *pro hac vice*)
Chant & Company
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
877.574.7100
chant@chant.mobi

COUNSEL FOR PLAINTIFF

140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-002868-16　　　● Lawsuit　　○ Divorce　　Ad Damnum RECEIVED

2016 AUG 26 AM 6:56

SCCO CIVIL/LEVY

| Plaintiff(s) | Defendant(s) |
|---|---|
| Autumn Everett, on behalf of herself, and all others similarly situated | Memphis Light Gas and Water Division |

VS

TO: (Name and Address of Defendant (One defendant per summons))

Jerry Collins, President and CEO
220 South Main
Memphis, TN 38103

FILED
SEP 16 2016
CIRCUIT COURT CLERK
BY_____D.C.

Method of Service:
○ Certified Mail
● Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Brian Herrington** Plaintiff's attorney, whose address is **P.O. Box 3260, Ridgeland, MS 39158**

telephone **601-208-0013** within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED __8-25-16__ By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master　　By: _____, D.C.

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __12th__ day of __Sept__, 20__16__ at __10:00__ A. M. a copy of the summons and a copy of the Complaint to the following Defendant __McCrW Douglas Black (Legal)__

at __220 S. Main St__

__Douglas A. Hunt, McCrW Staff Atty__        By: __C. Nelson 0705__
Signature of person accepting service              Sheriff or other authorized person to serve process

---

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process