IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AUTUMN EVERETT,<br><br>    Plaintiff, on behalf of herself and all others similarly situated,<br><br>v.<br><br>MEMPHIS LIGHT GAS AND WATER DIVISION,<br><br>    Defendant. | No. 16-cv-2810-SHL-tmp |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND REMANDING CASE**

This action arises from alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA"), a provision of the Fair Credit Reporting Act ("FCRA") that prohibits any "person that accepts credit cards or debit cards for the transaction of business" from "print[ing] more than the last 5 digits of the card number . . . upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §§ 1681, *et seq*. Plaintiff alleges that Defendant "provided Plaintiff with one or more electronically printed receipts on each of which Defendant printed . . . the first six digits and the last four digits for a total of 10 digits of Plaintiff's card number." (Pl.'s Complaint 6, ECF No. 1-1.) Before the Court are Defendant's Motion to Dismiss (ECF No. 9), filed October 18, 2016, Plaintiff's Response in Opposition (ECF No. 17), filed November 18, 2016, and Defendant's Reply (ECF No. 23), filed December 5, 2016.

Defendant states as grounds for dismissal that Plaintiff lacks Article III standing to bring this action because an allegation of a "bare technical violation of FACTA" is insufficient to establish the requisite "injury in fact." (ECF No. 9-1 at 4-7.) In the alternative, Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because she has not pled "sufficient facts to support

any plausible grounds of willfulness[,]" as required by FACTA. (Id. at 10-11.) In addition, Defendant argues that Plaintiff has failed to state a claim against Defendant because Defendant's interpretation of FACTA, which resulted in the alleged violation, is objectively reasonable. (Id. at 11-13.) For the following reasons, Defendant's Motion is **GRANTED**.

## ANALYSIS

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (internal quotation marks omitted). "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). To that end, the Supreme Court has identified three elements that make up the "irreducible constitutional minimum of standing."[1] Spokeo, 136 S. Ct. at 1547. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (citing Lujan, 504 U.S. at 560-61).

This matter concerns the "first and foremost" of the three elements of standing—injury in fact. (ECF No. 9-1 at 4); see id. In its Motion, Defendant argues that Plaintiff lacks Article III standing to bring this cause of action because, "[a]t best, the Complaint alleges nothing more than a bare technical violation of FACTA that cannot satisfy the demands of Article III." (ECF No. 9-1 at 7.) Indeed, Plaintiff's Complaint contains only a single factual allegation related to

---

[1] The Court rejects Plaintiff's argument that Defendant should be judicially estopped from arguing that Plaintiff lacks standing to bring the current action because Defendant invoked this Court's jurisdiction when it removed the case. (ECF No. 18 at 5-7.) The "constitutional minimum of standing" may not be waived by a party or otherwise ignored by this Court. See, e.g., Vander Boegh v. EnergySolutions, Inc., 772 F.3d 1056, 1064 (6th Cir. 2014).

FACTA, that "Defendant, at the point of a sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendant printed in excess of the last five digits of her credit or debit card number." (ECF No. 1-1 at 6.) From this allegation, Plaintiff concludes that "Defendant has violated FACTA, and has thereby placed the security of Plaintiff and similarly situated class members at risk." (Id. at 2.) The inquiry, then, is whether this basic allegation of a statutory violation suffices to establish that Plaintiff suffered an injury in fact.

To successfully plead an injury in fact, a plaintiff must allege facts sufficient to demonstrate that she has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (internal quotation marks and citations omitted). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way[,]'" Spokeo, 136 S. Ct. at 1548 (quoting Lujan, 504 U.S. at 560, n. 1), and, to be "concrete," an injury "must be '*de facto*'; that is, it must actually exist." Id. (citing Black's Law Dictionary 479 (9th ed. 2009)).

Because "[i]njury in fact is a constitutional requirement, [ ] '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" Id. at 1547-48 (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)). Thus, "Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 1549.

In Spokeo, the Supreme Court addressed the interplay between Article III standing and statutory violations. In that case, a consumer brought a class action lawsuit against Spokeo, a company that "operates a Web site that allows users to search for information about other individuals[,]" for violations of the Fair Credit Reporting Act of 1970 (FCRA), 15 U.S.C. § 1681

3

*et seq*. 136 S. Ct. at 1546. FCRA "regulates the creation and the use of 'consumer reports' by 'consumer reporting agenc[ies]' for certain specified purposes[.]" Id. at 1545. In so doing, FCRA "requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of' consumer reports[.]" Id. The consumer alleged that Spokeo willfully failed to comply with FCRA when it published on its website incorrect information regarding his age, familial status, income and education. Id. at 1546.

While the Spokeo Court ultimately remanded the case because the Ninth Circuit "failed to fully appreciate the distinction between concreteness and particularization," id. at 1550, it set out certain principles to guide the determination of an injury's "concreteness" in the context of a statutory violation. First, it reiterated that "intangible injuries can [ ] be concrete." Id. at 1549 (citing Pleasant Grove City v. Summum, 555 U.S. 460 (2009)). Recognizing that "Congress is well positioned to identify intangible harms that meet minimum Article III requirements," the Spokeo Court determined that "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" Id. It cautioned, however, that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement." Id. Nonetheless, the Spokeo Court acknowledged that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact"—as when a procedural violation itself presents a "risk of real harm" to a concrete interest. Id.

On this point, this Court finds the Second Circuit's articulation of the Spokeo rule particularly instructive. In Strubel v. Comenity Bank, 842 F.3d 181 (2nd Cir. 2016), the Second Circuit explained:

> [W]e understand Spokeo, and the cases cited therein, to instruct that an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a "risk of real harm" to that concrete interest. But even where Congress has accorded procedural rights to protect a concrete interest, a plaintiff may fail to demonstrate concrete injury where violation of the procedure at issue presents no material risk of harm to that underlying interest.

Id. at 190 (internal citations omitted). Thus, "to determine whether a particular violation alone constitutes an injury in fact, a court must inquire (1) whether Congress conferred the procedural right at issue in order to protect a concrete interest of the plaintiff, and (2) whether the violation of the procedure at issue presented a material risk of harm to that interest." Cruper-Wienmann v. Paris Baguette America, Inc., 2017 WL 398657, at *3 (S.D.N.Y. Jan 30, 2017).

Applying these guiding principles to the instant matter, the Court concludes that Plaintiff has not demonstrated a concrete injury in fact. It is undisputed that Congress conferred the procedural right at issue here, the truncation requirement, to protect a concrete interest, an increased risk of the theft of Plaintiff's identity. However, Plaintiff has failed to plead facts that establish a causal chain between the FACTA violation alleged here and an increased risk of identity theft. Even taking Plaintiff's factual allegations as true, as the Court must do at this stage, the Complaint merely demonstrates that Defendant printed a receipt with more than the last five digits printed and turned it over to Plaintiff. There are no factual allegations as to how this act alone might lead to an increased risk of identity theft. Thus, Defendant's alleged procedural FACTA violation does not present "a risk of real harm" to Plaintiff's concrete interest.

Plaintiff insists that Spokeo does not apply here because her FACTA claim involves the violation of a substantive, rather than procedural, right.  (ECF No. 18 at 8-11.)  In doing so, Plaintiff cites language from Justice Thomas's concurring, but not controlling, opinion in Spokeo.  (Id. (citing 136 S.Ct. at 1553) ("A plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right.")).  This Court is not convinced that the Spokeo majority, whose opinion Justice Thomas also joined, recognizes this distinction in the manner urged by Plaintiff.  Rather, Spokeo establishes the broad premise that "Article III standing requires a concrete injury even in the context of a statutory violation." 136 S.Ct. at 1549.  Thus, some allegations of a statutory violation are sufficient, in and of themselves, to establish a concrete and particularized injury, and some are not.  An alleged violation of FACTA's truncation requirement, without more, is not.  This conclusion is in keeping with the broad premise of Spokeo as well as its clear recognition that there are some cases where "a plaintiff . . . need not allege any *additional* harm beyond the one Congress has identified."  Id.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff lacks Article III standing to bring this action before this Court.  Accordingly, the Court does not have subject matter jurisdiction to hear this matter, and its removal was improper.  Because Plaintiff's standing in this Court does not depend on her standing in the Circuit Court of Shelby County, see Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985), the Court finds it proper to remand, rather than dismiss, this case.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Thus, the Court

**REMANDS** this case, including all pending motions, to the Circuit Court of Shelby County, Tennessee.

    **IT IS SO ORDERED,** this 18th day of April, 2017.

                                                 s/ Sheryl H. Lipman
                                                 SHERYL H. LIPMAN
                                                 UNITED STATES DISTRICT JUDGE